UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **EDWARD M. JONES**<br>4017 E. 146th Street<br>Cleveland, Ohio 44128<br><br>Plaintiff(s)<br><br>v.<br><br>**REIMER LAW CO. d/b/a REIMER LAW**<br>℅ Michael Arnovitz<br>31500 Bainbridge Road, Suite 100<br>Solon, Ohio 44139<br><br>Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Edward M. Jones ("Plaintiff" or "Mr. Jones") and for his Complaint for Damages against Defendant Reimer Law Co. d/b/a Reimer Law ("Defendant" or "Reimer") hereby states as follows:

**INTRODUCTION**

1. In 1977, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), which became effective on March 20, 1978, and has been in force since that date.

2. Congress enacted the FDCPA after it found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

3. Congress also found that existing laws were inadequate to protect consumers from predatory debt collectors. *See*, 15 U.S.C. § 1692(b) which states that the "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers."

1

4. "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

5. The FDCPA imposes liability irrespective of the knowledge or intent of the Debt Collector. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 449 (6th Cir. 2014).

6. Under the FCPA there is no need to establish that a debt collector acted intentionally to hold him liable for violating the FDCPA. *See, e.g.*, *Kistner v. The Law Office of Michael P. Margelefsky LLC*, 518 F.3d 433, 438 (6th Cir. 2008) ("Debt collectors are prohibited by the FDCPA from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.' 15 U.S.C. § 1692e. *** The statute imposes strict liability for violations. 15 U.S.C. § 1692k(a).").

7. There is a private cause of action available under the FDCPA. 15 U.S.C. § 1692k(a) provides in pertinent part, "any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person."

8. Mr. Jones brings this action to secure redress from the unlawful credit and collection practices engaged in by Reimer.

**PARTIES, JURISDICTION, AND VENUE**

9. Mr. Jones is a natural person who resides at 4017 E. 146th Street, Cleveland, OH 44128. Prior to this address, Mr. Jones was in the custody of the Federal Bureau of Prisons.

10. Reimer is an Ohio corporation who, upon information and belief, performs loan default services and collection activities for Ally Financial, through Ohio, including in this district. Upon information and belief, its principal place of business is located in Solon, Ohio.

2

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) as this action arises under the FDCPA.

12. This Court has supplemental jurisdiction to hear any state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

13. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## STATEMENT OF FACTS

14. Mr. Jones alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

15. At all times relevant, Reimer acted by and through its authorized agents and/or employees before, during, and after the transaction with Mr. Jones.

16. On or about April 12, 2013, the United States District Court in the Northern District of Ohio sentenced Mr. Jones to serve 140 months in a federal prison.

17. On or about February 21, 2014, while Mr. Jones was incarcerated, Weltman, Weinberg & Reis Co., L.P.A. filed a Complaint in the Cleveland Municipal Court against Mr. Jones for collection of a debt relating to a Retail Installment Contract for an automobile purchase.

18. Certified mail service was attempted on Mr. Jones multiple times, with each attempt returned as undeliverable.

19. On or about June 23, 2014, the Cleveland Municipal Court entered a docket entry that service was perfected.

20. Mr. Jones was incarcerated from November 19, 2012 through February 22, 2022 and did not reside at the address for which service was attempted.

21. Mr. Jones was never served with a copy of the Complaint, and therefore, service was never perfected and no answer was filed.

22. On or about November 2, 2014, while Mr. Jones was incarcerated, the defendant filed a Motion for Default Judgment without any indication that the Motion was served on Mr. Jones.

23. On December 1, 2014, the Court issued a judgment in favor of the defendant.

24. Pursuant to Civ. R. 4(E), the defendant was required to obtain service of the Complaint in Cleveland Municipal Court within six months. Mr. Jones was not served by certified mail, regular mail, or by a process server. As such, the defendant was not entitled to judgment and the case should have been dismissed.

25. On or about October 28, 2022, nearly eight (8) years after the Court issued judgment against Mr. Jones in error, Reimer filed a Motion for Revivor to revive the dormant judgment and served Mr. Jones. A true and accurate copy of the Motion is attached to this Complaint as **Exhibit 1**.

26. On or about December 22, 2022, Mr. Jones, with the assistance of counsel, filed a Motion to Vacate the Judgment and Dismiss the Action.

27. On or about February 18, 2023, the Court granted an Agreed Entry Vacating the Judgment and Dismissing the Defendant's Complaint with Prejudice. A true and accurate copy of the Agreed Entry is attached to this Complaint as **Exhibit 2**.

**COUNT ONE: VIOLATION OF THE FDCPA**

28. Mr. Jones alleges and incorporates herein every allegation set forth in the preceding paragraphs as though the same were fully rewritten herein.

29. Mr. Jones is a consumer as defined in 15 U.S.C. § 1692a(3).

4

30. Reimer is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) because Reimer is primarily in the business of collecting debts.

31. The debt that Reimer was trying to collect from Mr. Jones was a personal loan which arose out of a transaction which was primarily for personal, family or household purposes as defined by the FDCPA at 15 U.S.C. § 1692a(5).

32. Reimer's actions to collect the debts at issue constitute violations of the FDCPA including, but not limited to the following sections:

   a. § 1692d – Engaging in any conduct the natural consequence of which is to harm, oppress, or abuse any person;

   b. § 1692e – Making false, deceptive, or misleading representation or means in connection with the debt collection;

   c. § 1692e(2) – Misrepresenting the character, amount, or legal status of the alleged debt;

   d. § 1692f – Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt; and

   e. § 1692f(1) – Engaging in an attempt to collect an amount of which they were not entitled.

33. As a consequence of Reimer's conduct, Mr. Jones incurred legal fees in his defense of Reimer's collection attempts.

34. Reimer's conduct caused Mr. Jones anxiety and emotional distress.

35. Mr. Jones was harmed by Reimer, and is entitled to statutory damages, actual damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff Edward M. Jones respectfully requests the following relief from Defendant Reimer Law Co. d/b/a Reimer Law:

A. For an award of actual damages to Mr. Jones of at least $3,358.00 and in a total amount to be determined at trial against the Defendant for the allegations contained in all Counts of the Complaint;

B. For an award of statutory damages of $1,000.00 to Mr. Jones for the allegations contained in Count I of the Complaint;

C. For an award of all of Mr. Jones's reasonable attorneys' fees and costs against the Reimer for the allegations contained in all Counts of the Complaint; and

D. For all other relief this Court deems just and proper.

    Respectfully Submitted,

    /s/ Marita I. Ramirez
    Marita I. Ramirez (0101882)
    Marc E. Dann (0039425)
    Brian D. Flick (0081605)
    DannLaw
    15000 Madison Avenue
    Lakewood, OH 44107
    (216) 373-0539
    (216) 373-0536 e-fax
    notices@dannlaw.com
    *Attorneys for Plaintiff Edward M. Jones*

**JURY DEMAND**

Plaintiff Edward M. Jones hereby respectfully demands a trial by jury on all such claims that may be so tried.

Respectfully submitted,

/s/ Marita I. Ramirez
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Marita I. Ramirez (0101882)
DannLaw
*Counsel for Plaintiff Edward M. Jones*
